The pleadings set forth the following undisputed and admitted facts:
The testator, Maria L. Cary, was the first wife of Samuel F. Cary.
Maria L. Cary died September 25, 1847, leaving surviving-her the said Samuel F. Cary and two daughters, Maria Louisa. Cary and Ella Woodnut Cary.
Charles W. Huber, plaintiff, is the only child of Martha. Louisa Cary, who intermarried with Charles B. Huber.
Martha Louisa Huber (nee Cary) died on December 16, 1856,, and Charles B. Huber, her husband, subsequently died.
Upon May 29, 1849, Lida S. Cary, defendant, married Samuel F. Cary.
Upon December 13, 1878, said Samuel F. Cary conveyed all his interest in the real estate described in the petition to a trustee, who upon the same day conveyed said property to the-defendant, Lida S. Cary.
Samuel F. Cary died September 29, 1900.
From these facts it appears that Samuel F. Cary survived the daughter, Martha Louisa Cary, the mother of the plaintiff, and so surviving conveyed his interest in his first wife’s property to the defendant, Lida S. Cary; and the question is, whether under the terms of the wifi, he acquired such an interest in the estate of his first wife as could be transferred by him in fee.
*83 In the construction of every will it must be construed as an entirety, and the intention of the testator must be ascertained and carried into effect.
In the first clause of the will the testator directs that her real estate and personal property shall go as the law directs, with certain modifications or changes. In the second clause the changes she makes are, that in ease either of her children should die before her husband, then the husband should take in fee that portion of the estate belonging to such child, and if he survived all of her children, then he should take in fee the whole estate. In the third clause the modification is that if her children or either of them should survive her husband and yet be without issue before reaching majority, then her estate should be applied for the establishment and support of a female college.
In looking, therefore, at these modifications and changes it is to be determined whether such circumstances have taken place as would bear out and maintain any one or all of the modifications and changes made by the testator.
Counsel for plaintiffs claim that the last item in the will is the one that controls the construction thereof, and in construing it we must not disregard this item. However, the contingencies upon which the third item was to take effect has never in the course of events happened, but the contingency for which the testator provided in the second item of the will has occurred.
The court can not agree with counsel for plaintiff in its construction of the last item of the will for the reason that in the happening of the events subsequent to the death of the testator, the modifications and changes provided for in the first item of the will have never arisen. At the outset of her will the testator provides for a life estate to her husband, with remainder to her children, and then follows this up with disposing of the remainder in either or both children in case her husband should survive either or both.
It is not for the court to put a strained construction upon plain language in a will, and where the words are such as show the testator intended that her property should take a certain *84 course upon the happening of certain events, and if any or all of those events have occurred, then it would seem that the estate should pass as directed.
John W. Wolfe and Outcalt & Foraher, for plaintiff.
Cohen & Mach, for Cary.
The will is dated April 29, 1847. The testator died September 25, 1847. The plaintiff at that time was not in being, not having been born for some years thereafter. The event or contingency by which Samuel F. Cary became possessed of the interest of Martha Louisa Cary happened, when Martha Louisa Huber (nee Cary) died, December 16, 1856; and the court is of the opinion that upon the happening of this event, although at that time the plaintiff was in being, the portion of the estate of the testator belonging under the will to Martha Louisa Huber (nee Cary) passed in fee to Samuel F. Cary.
Under this view of the case and construction of the will an order may be taken in accordance herewith.